**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

JOSEPH ARUANNO,      :

             :  Civil Action No. 07-2056 (DMC)

     Plaintiff,  :

             :

     v.        :      **ORDER**

             :

TINA SPAGNUOLO, et al.,   :

             :

     Defendants.  :


Plaintiff JOSEPH ARUANNO ("Plaintiff"), a civilly-committed person confined at the Special Treatment Unit ("STU") in Kearney, New Jersey, pursuant to the New Jersey Sexually Violent Predators Act ("SVPA"), N.J.S.A. 30:4-21.1, et seq., seeks to bring this action in forma pauperis pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights.  Based on Plaintiff's in forma pauperis application, the Court finds that Plaintiff qualifies for prisoner in forma pauperis status pursuant to 28 U.S.C. § 1915.

For the reasons stated in this Court's Opinion filed herewith, **IT IS on this** _15_ **day of** _MAY_ **, 2007, hereby ORDERED** that Plaintiff's application to proceed in forma pauperis without payment of the $350.00 filing fee pursuant to 28 U.S.C. § 1915(a) and (b) is hereby granted; and it is further

**ORDERED** that the Clerk shall file the Complaint; and it is further

**ORDERED** that Plaintiff's Complaint is dismissed with prejudice, pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii), as against the Department of Human Services and the Department of Corrections; and it is further

**ORDERED** that the Clerk of Court shall amend the caption in this matter by deleting the Department of Human Services and the Department of Corrections as Defendants in this action; and it is further

**ORDERED** that Plaintiff's Fifth Amendment claims are dismissed, as to remaining Defendants, without prejudice to Plaintiff's amending his Complaint, if Plaintiff is able to assert that any admission to the crimes of conviction otherwise would subject him to a real possibility of prosecution; and it is further

**ORDERED** that Plaintiff's First Amendment claims may proceed to the next stage as to remaining Defendants; and it is further

**ORDERED** that, pursuant to 28 U.S.C. § 1915(d), the Clerk shall issue summons and the United States Marshal shall serve summons and copies of the Complaint and this Order upon remaining Defendants, with all costs of service born by the United States; and it is further

**ORDERED** that, pursuant to 42 U.S.C. § 1997e(g)(2), Defendant shall file and serve a responsive pleading within the time specified by Fed. R. Civ. P. 12; and it is further

2

**ORDERED** that, pursuant to 28 U.S.C. § 1915(e)(1) and § 4(a) of Appendix H of the Local Civil Rules, the Clerk shall notify Plaintiff of the opportunity to apply in writing to the assigned judge for the appointment of pro bono counsel in accordance with the factors set forth in Tabron v. Grace, 6 F.3d 454 (3d Cir. 1997), which sets forth the requirements for eligibility for appointment of pro bono counsel (in this regard, Plaintiff is advised that such appointment is not automatic); and it is further

**ORDERED** that the Clerk shall enclose with such notice a copy of Appendix H and a form Application for Appointment of Pro Bono Counsel; and it is finally

**ORDERED** that, if at any time Plaintiff seeks the appointment of pro bono counsel, pursuant to Fed. R. Civ. P. 5(a) and (d), Plaintiff shall (1) serve a copy of the Application for Appointment of Pro Bono Counsel by regular mail upon each party at his last known address or, if the party is represented in this action by an attorney, upon the party's attorney at the attorney's address, and (2) file a Certificate of Service with the Application for Pro Bono Counsel.

DENNIS M. CAVANAUGH
United States District Judge

3