NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| JOSEPH ARUANNO, | : | **Hon. Dennis M. Cavanaugh** |
| Plaintiff, | : | **OPINION** |
| v. | : | Civil Action No. 07-2056 (DMC) |
| TINA SPAGNUOLO, et al., | : | |
| Defendants. | : | |

DENNIS M. CAVANAUGH, U.S.D.J.:

Plaintiff JOSEPH ARUANNO ("Plaintiff"), a civilly-committed person confined at the Special Treatment Unit ("STU") in Kearney, New Jersey, pursuant to the New Jersey Sexually Violent Predators Act ("SVPA"), N.J.S.A. 30:4-21.1, et seq., seeks to bring this action in forma pauperis pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights. On September 19, 2006, Defendants moved to dismiss Plaintiff's Complaint pursuant to FED. R. CIV. P. 12 (b) (6). Pursuant to Rule 78 of the FED. R. CIV. P., no oral argument was heard.  After carefully considering the submissions of the parties and based upon the following, it is the finding of this Court that Defendants' motion to dismiss is **granted**.

## I.      BACKGROUND

The following factual allegations are taken from Plaintiff's Complaint and are accepted as true for purposes of this Opinion.

Plaintiff is civilly committed pursuant to the SVPA.  He claims that on or about May 1, 2006,

"Ms. Tina Spagnuolo, social worker, came to [Plaintiff] and said she was taking [away Plaintiff's privileges as to his] job, TV, stereo [and other privileges] for not confessing to a crime [in spite of Plaintiff's] right to remain silent as guaranteed by the [Fifth Amendment]." (See Plaintiff's Complaint ¶ 4). Plaintiff asserts violations of his Fifth Amendment right against self-incrimination and of his First Amendment rights not to be forced to participate in treatment, or be subject to retaliatory punishment for the exercise of his First and Fifth Amendment rights (right to refuse treatment and right against self incrimination). See Id.

Plaintiff brought the present action against numerous Defendants as follows: Merrill Main (presumably, Merrill Main, Director at the STU Annex); Tina Spagnuolo (presumably, Tina Spagnuolo, Unit Director at STU Annex); Lou Norton (presumably, Lou Norton, Vocational Rehabilitation Counselor); and "Ms. Kearny," the holder of the title unspecified by Plaintiff and undetectable by this Court, alleging the above violations.

On May 16, 2007, this Court granted Plaintiff's application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915 (a) (1) and ordered the Clerk of this Court to file Plaintiff's Complaint against Defendants Merrill Main, Tina Spagnuolo, Lou Norton and Ms. Kearny. This Court also dismissed Plaintiff's Complaint with prejudice, pursuant to 28 U.S.C. § 1915 (e) (2) (B) (iii), as against the Department of Human Services and the Department of Corrections. This Court also dismissed Plaintiff's Fifth Amendment claims as to the remaining Defendants Merrill Main, Tina Spagnuolo, Lou Norton and Ms. Kearny, without prejudice. The only action pending is Plaintiff's First Amendment claims against the remaining Defendants.

On September 19, 2007, Defendants moved to dismiss Plaintiff's Complaint pursuant to FED. R. CIV. P. 12 (b)(6).

**II.      STANDARD OF REVIEW: RULE 12 (B)(6) MOTION TO DISMISS**

In deciding a motion to dismiss pursuant to FED. R. CIV. P. 12(b)(6), all allegations in the complaint must be taken as true and viewed in the light most favorable to the plaintiff.  See Warth v. Seldin, 422 U.S. 490, 501 (1975); Trump Hotels & Casino Resorts, Inc., v. Mirage Resorts Inc., 140 F.3d 478, 483 (3d Cir. 1998).  If, after viewing the allegations in the complaint in the light most favorable to the plaintiff, it appears beyond doubt that no relief could be granted "under any set of facts which could prove consistent with the allegations," a court shall dismiss a complaint for failure to state a claim.  See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984).  In Bell Atlantic Corp. v. Twombly the Supreme Court clarified the Rule 12 (b)(6) standard.  See 127 S.Ct. 1955 (2007).  Specifically, the Court "retired" the language contained in Conley v. Gibson, 355 U.S. 41 (1957), that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim, which would entitle him to relief." Bell Atlantic Corp., 127 S.Ct. at 1968 (citing Conley, 355 U.S. at 45-46).  Instead, the Supreme Court instructed that "[f]actual allegations must be enough to raise a right to relief above the speculative level."  Id. at 1965.

**III.     DISCUSSION**

Plaintiff brings this action pursuant to 42 U.S.C. §1983 alleging violations of his civil rights guaranteed under the United States Constitution.  Section §1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory...subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress...

3

Thus, to state a claim for relief under §1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of The United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law.  West v. Atkins, 487 U.S. 42, 48 (1988); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d. Cir. 1994).

As a general proposition, government officials performing discretionary functions "generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818, (U.S. 1982).

When a defendant in a § 1983 action claims qualified immunity, a two-part line of inquiry must be undertaken.  Saucier v. Katz, 533 U.S. 194, 200 (2001). The court must first consider whether the State defendant's conduct violated a constitutional right.  If the first part of the test is met, the court must next determine whether, as a legal matter, the defendant's conduct was, nevertheless, objectively reasonable in light of the "clearly established" law.  Id. at 201. To determine whether a right is clearly established, the Court asks whether a reasonable official, in the situation, would know that his conduct violated a constitutional right. Id. at 202. It is not necessary to reach the second prong if the facts cannot support a claim for the violation of a constitutional right.

Plaintiff alleges Defendants violated his constitutional rights because they requested that Plaintiff discuss his history of sexually violent behavior during the course of group therapy and penalized him for his refusal to do so by withdrawing certain privileges granted to residents who did participate in treatment.  Plaintiff  specifically alleges that treatment requirements that force him to

disclose sexually violent behavior violate his privilege against self-incrimination. This Court finds that Defendants did not violate Plaintiff's constitutional rights as required under the first prong of the qualified immunity analysis.

The Sexually Violent Predator Act, N.J.S.A. 30:4-27.24, states that "the division of Mental Services in the Department of Human Services shall provide or arrange for treatment for a person committed pursuant to this act. Such treatment shall be appropriately tailored to address the specific needs of sexually violent predators." In McKune v. Lile, 536 U.S. 24 (2002), the Supreme Court held that no constitutional right is violated by a prison sexual-abuse treatment program which imposes loss of various prison privileges for failure to participate in a counseling program that requires the inmates to complete an unprivileged sexual history form which details all prior sexual activities, regardless of whether such activities constitute uncharged criminal offenses. McKune v. Lile, 536 U.S. 24 (2002). The Supreme Court noted that therapists and correctional officers widely agree that clinical rehabilitative programs can enable sex offenders to manage their impulses and in this way reduce recidivism. See U.S. Dept. of Justice, Nat. Institute of Corrections, A Practitioner's Guide to Treating the Incarcerated Male Sex Offender xiii (1988).

Although McKune dealt with a sex offender's First Amendment rights in the context of a prison treatment program, where civil commitment rules and procedures are "facially related to the purposes for which the [sexually violent predators were] detained," the court in Hydrick v. Hunter 466 F.3d 676, (9th Cir.2006), held that the facility directors are entitled to qualified immunity because, regardless of how the law is eventually settled on the question of "the extent to which states can condition privileges or advancement on participation in such treatment," the law is not "clearly

established." Hydrick v. Hunter 466 F.3d 676, (9th Cir. 2006). The Third Circuit recently addressed

this issue in a claim identical to Plaintiff Aruanno's in Salerno v. Corzine, 2007 U.S. Dist. Lexis

53654. The Court held that the "treatment program at the STU Annex is facially related to the

purpose for which Plaintiff was detained." Id. Further, the Salerno court found that there was no

violation of a First Amendment right that is clearly established and no question as to whether a

reasonable official would have known that he was violating Plaintiff's constitutional rights by

following sexually violent predator treatment policies." Id. Thus, the Salerno Defendants were

entitled to qualified immunity.

The form of treatment Plaintiff alleges he received is appropriate in treating convicted sex

offenders. Sex offenders are often resistant to treatment and it is necessary to offer incentives to

induce them to participate. Residents who fully participate in treatment earn additional privileges

as incentives such as paid institutional work, video game systems, and personal digital video disk

systems. All residents at the STU, including Plaintiff Aruanno, are free to refuse to participate in

treatment. Such refusal results in withdrawal of the privileges offered as incentives to cooperative

residents. If the privileges offered to participants were also offered to non-participants there would

be no incentive to continue treatment. See March 27, 2007 Affidavit of Merrill Main.

The Sexually Violent Predator Act does not compel prisoners to participate in treatment,

however, if participation is refused, certain privileges, not rights, can be revoked from inmates.

There is no First Amendment right that is clearly established. Thus, the first prong of the two part

qualified immunity test has not been met here. Defendants are entitled to qualified immunity and

Defendants' motion to dismiss is **granted**.

6

**IV.    CONCLUSION**

For the reasons stated, it is the finding of this Court that Defendants' motion to dismiss is

**granted**.  An appropriate Order accompanies this Opinion.


         S/ Dennis M. Cavanaugh
        Dennis M. Cavanaugh, U.S.D.J.

Date:          October 15,   2007
Orig.:         Clerk
cc:            Counsel of Record
               The Honorable Mark Falk, U.S.M.J.
               File